## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 09-B-70398 |
|---|---|---|---|
| DATE | October 28, 2009 | ADVERSARY NO. | |
| CASE TITLE | In re Joseph M. Phelan and Mary M. Phelan, Debtors | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the U.S. Secretary of Labor's motion for leave to file an adversary complaint for determination of dischargeability of debt on or before November 30, 2009 is GRANTED.

■[ For further details see text below.]

This matter comes before the Court on a motion for leave to file an adversary complaint for determination of dischargeability of debt after the bar date. For the reasons set forth herein, the Court will grant the Secretary of Labor leave to file an adversary complaint for determination of dischargeability of debt on or before November 30, 2009.

### Factual Background

The relevant facts do not appear to be in dispute. The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 11, 2009. Debtor Joseph M. Phelan is the CEO of Phezer Enterprises, Inc. ("Phezer Inc."), and administers the health plan for Phezer Inc. (the "Health Plan"). As early as November 2008, the Health Plan was under an ongoing investigation by the Employee Benefits Security Administration

(the "EBSA"). On December 2008, the EBSA investigator informed Mr. Phelan, in an interview with his attorney present, that Mr. Phelan, Phezer Inc. and the Health Plan were all subjects of the ongoing investigation. The Debtors failed to list EBSA as a creditor on their schedules to their bankruptcy petition, and gave no notice to the EBSA that they had filed the bankruptcy petition. The meeting of creditors under Section 341 was initially scheduled for March 18, 2009, but the Debtors gave no notice of the meeting to the EBSA. Fed. R. Bank. P. 4007(c) requires that any complaint to determine the dischargeability of debt under Section 523(c) be filed within 60 days after the first date set for the 341 Meeting, which in this case would be May 18, 2009 (the "Bar Date"). The EBSA did not learn of the filing of the petition or the bar date until July 7, 2009, when the trustee for the bankruptcy case of Phezer Inc. called the EBSA investigator. Counsel for the U.S. Secretary of Labor filed the current motion to extend time on September 9, 2009, requesting that the time to file the Secretary's adversary complaint be extended to November 30, 2009.

### Analysis

Bankruptcy Rule 4007(c) provides that the court may extend the time for filing a complaint under Section 523(c) "for cause," but such motion must be filed before the time has expired. Rule 4007(c) also states that the court "shall give all creditors no less than 30 days' notice of the time fixed" as the bar date in the manner provided in Rule 2002, but if a creditor is not listed on the bankruptcy schedules, it would not receive such notice. Rule 9006(b)(2) states that the court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated" in such rule. While this at first may seem like a strict rule, the Seventh Circuit Court of Appeals has held that timeliness provisions in Rule 4007 "are not jurisdictional" and therefore "are subject to equitable defenses." In Re Kontrick, 295 F.3d 724, 733 (7th Cir. 2002). Among the equitable defenses to statutory filing deadlines are "the defenses of waiver, estoppel, and equitable tolling." Kontrick at 730 (citing United States v. Locke, 471 U.S. 84, 94 n.10 (1985). Furthermore, creditors have a Fifth Amendment due process right to "reasonable notice" before they can be deprived of the "basic and fundamental

right" to participate in the case or proceeding and to challenge the debtor's right to a discharge of their claim. See In re Walker, 149 B.R. 511, 514-15 (Bankr. N.D. Ill. 1992); see also Tidwell v. Smith (In re Smith), 2009 WL 3014802, at *4 (7th Cir. Sept. 23, 2009). "A key function of the notice provided to a creditor in a bankruptcy proceeding is to give the creditor the opportunity to file a proof of claim and, where the debt is potentially nondischargeable, to request a determination of nondischargeability." Tidwell v. Smith (In re Smith), 2009 WL 3014802, at *8 (7th Cir. Sept. 23, 2009). "Reasonable notice" is "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Walker, 149 B.R. at 514 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Therefore, the court in In re Eliscu, 85 B.R. 480 (Bankr. N.D. Ill. 1988), extended the bar date to file an objection to discharge for a creditor who was not listed on the schedule of creditors, was not notified of the filing of the bankruptcy petition, the meeting of creditors or the bar date, and only learned of the bankruptcy case 45 days after the bar date. Even if the creditor obtains some actual knowledge of the bankruptcy case, the creditor should not be barred from filing an objection if it "never received notice adequate enough to afford it an opportunity to proceed on a motion to extend the time for filing complaints under Bankruptcy Rules 4004(b) and 4007(c)." Walker at 514-15. Thus, in Walker, the court extended the time for an unscheduled creditor to file objections to discharge after the bar date had passed even though the creditor had received information "that some form of bankruptcy proceeding had been filed," where the information came only twenty days before the deadline, the creditor did not learn of the bar date, and the information "was acquired through a conversation between two non-lawyers, and the party conveying the information was not a representative of Debtor." Walker at 515; see also Tidwell v. Smith (In re Smith), 2009 WL 3014802 (7th Cir. Sept. 23, 2009) (finding that an "eleventh hour notice" of bankruptcy given to unscheduled creditors' personal injury attorney, who did not practice bankruptcy law, 16 or 17 days before the bar date, and which did not indicate the nature of the bankruptcy or any filing deadlines, "did not give the

plaintiffs a reasonable opportunity to take appropriate action before the deadline for objecting to dischargeability passed"). A debtor's "unilateral decision that the creditor was not owed a debt and therefore need not be scheduled cannot be allowed to circumvent the creditor's right to notice." Walker at 516; see also Eliscu at 482.

Like the creditors in Eliscu and Walker, the EBSA was not listed as a creditor, and was not given notice of the filing of the petition, the meeting of creditors, or the bar date. The Debtors were informed that Mr. Phelan was under investigation by the EBSA, and therefore were on notice prior to the filing of the petition that the EBSA or the Secretary of Labor were potential creditors. Therefore, the Court will grant the Secretary of Labor leave to file an adversary complaint for determination of dischargeability of debt on or before November 30, 2009. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

October 28, 2009

_____
Judge Manuel Barbosa